**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

**FILED**

SEP 14 2011

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

MARCUS MARTIN,

    Plaintiff,

**RECEIVED**

SEP 14 2011

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

VALUE PLACE HOTEL,

    Defendant,

)
)
)
)
)
)
)
)

**1 : 11 -cv- 1 2 8 5 WTL -DKL**

## I. DISCRIMINATION COMPLAINT

(1) This is a civil rights action alleging that Plaintiff, Marcus Martin, along with his family, was unlawfully evicted by the Defendant because his wife supported and made complaints about racial discrimination. Plaintiff seeks compensatory and punitive damages, cost and attorney fees for retaliation he and his family has suffered.

## II. PARTIES

(2) Plaintiff, Marcus Martin ("Martin"), at all times relevant to this action, was a resident of the City of Indianapolis, Lawrence Township (Marion County), Indiana. Martin is a person of African American descent who was at the time of the incidents complained of herein was a tenant of Value Place Hotel located in Indianapolis, Lawrence Township (Marion County), Indiana.

(3) Defendant, Value Place Hotel ("Value Place"), at the time of the incidents complained of herein, was a corporation with its principal place of business, Liberty Investment Properties ("Liberty"), located in Maitland, Florida. Liberty operated and conducted business in various parts of the United States, including Value Place Hotel at 9515 Pendleton Pike in Indianapolis, Indiana, 46236.

1

### III.  BASIS AND JURISDICTION OF CLAIM

(4) This action is brought to redress a deprivation of civil rights and to remedy retaliation on the basis of race in violation of 42 U.S.C. § 1981 (Section 1981), and jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a).

(5) This action is also brought to redress a deprivation of civil rights and to remedy discrimination and retaliation on the basis of race relative to interfering with the enjoyment of a dwelling in violation of 42 U.S.C. § 1982 (Section 1982), and jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a).

(6)  This action is also brought to redress a deprivation of civil rights and to remedy discrimination and retaliation on the basis race relative to interfering with the enjoyment of a dwelling in violation of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619, and jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a).

(7) Venue is proper under 28 U.S.C. § 1391(b) because all of the events giving rise to Martin's claim occurred in this judicial district.

### IV.  STATEMENT OF LEGAL CLAIM

(8)  On or about April 14, 2009, Martin and his wife Sandra Peters (Martin), along with their two teenage children became tenants at Value Place Hotel. On or about May 31, 2010, Peters' began her employment with Value Place as a Studio Attendant. On or about June 27, 2010, Peters was promoted to Head Housekeeper.

(9)  As a Head Housekeeper, Martin's wife was required to reside at Value Place, and she was provided a rent free room after her promotion. Since Martin and his family were already

2

tenants of Value Place, Value Place did not require Martin to continue to pay rent for the room which he and his family lived in since April 14, 2009.

(10) Beginning in July 2010 and throughout, Martin's wife complained to Assistant General Manager Ashleigh Auch ("Auch") and General Manager Ben Hillesheim ("Hillisheim") about the manner in which she and other Afro-American employees and tenants were being discriminated and retaliated against.

(11) Martin's wife complained that Auch and Hillisheim evicted many Afro-American tenants for being behind on rent or using illegal drugs on the premises, but would not evict a majority of Caucasian tenants for the same reasons. Moreover, Auch and Hillisheim terminated Afro-American employee-tenants and then evicted them from the premises within twenty-four hours (24hrs), but would allow terminated Caucasian employee-tenants much more time to move their belongings.

(12) Martin's wife witnessed and supported retaliation complaints made by former Afro-American employees against Auch and Hillesheim, and reviewed e-mail documentation in which Auch told Hillisheim that she was pissed that Martin's wife came to her with complaints about how she and Hillisheim were treating an Afro-American coworker. Hillisheim responded to Auch that "she needs to keep her mouth shut or she will find herself jobless and homeless". Hillisheim apologized to Martin's wife for making the comment. Nonetheless, Hillisheim terminated Martin's wife and evicted Martin and family from Value Place like he did the former Afro-American employee-tenants whose complaints she supported.

(13) Auch told Martin's wife that nobody is going to make complaints against her without her doing something about it. In Auch words, "Nobody is going to throw me under the bus and get away with it." Auch has repeatedly reminded Martin's wife that she could have her fired.

3

(14)  Martin's wife was terminated on March 24, 2011 without any warning. Hillisheim alleged that her termination was for performance related issues. However, Martin's wife had not received any reprimands about her job performance from Hillisheim or Auch like the previous Caucasian Head Housekeeper, Maria Nicely ("Nicely"). Nicely had many performance reprimands before her termination. Moreover, Hillisheim did not follow Value Place's progressive disciplinary procedure and policy before terminating Martin's wife.

(15)  Martin and his family were evicted from Value Place on March 25, 2011.

(16)  Hillisheim assured Martin's wife before he hired her that if for any reason her employment ended, her family could continue to stay and pay rent at Value Place.

(17)  Martin and his children were evicted from Value Place because his wife supported and made complaints about racial discrimination.

## V.  <u>CLAIM FOR RELIEF</u>

(18)  Martin repeats and realleges each and every allegation in paragraphs numbered 1 through 17 of this complaint with the same force and effect as if fully set forth herein. Value Place's conduct subjected Martin and his family to discrimination and retaliation based on race in violation Section 1981. Value Place's conduct was intentional and also reflects malice or reckless disregard for the federal statutory civil rights of Martin and family. As a result of Value Place's conduct, Martin and family are now suffering and will continue to suffer irreparable injury and monetary damages unless and until this Court grants relief.

(19) Martin repeats and realleges each and every allegation in paragraphs numbered 1 through 17 of this complaint with the same force and effect as if fully set forth herein. Value Place's conduct subjected Martin and his family to discrimination and retaliation in violation Section 1982. Value Place's conduct was intentional and also reflects malice or reckless

4

disregard for the federal statutory civil rights of Martin and family. As a result of Value Place's conduct, Martin and family are now suffering and will continue to suffer irreparable injury and monetary damages unless and until this Court grants relief.

(20) Martin repeats and realleges each and every allegation in paragraphs numbered 1 through 17 of this complaint with the same force and effect as if fully set forth herein. Value Place's conduct subjected Martin and his family to discrimination and retaliation in violation the Fair Housing Act. Value Place's conduct was intentional and also reflects malice or reckless disregard for the federal statutory civil rights of Martin and family. As a result of Value Place's conduct, Martin and family are now suffering and will continue to suffer irreparable injury and monetary damages unless and until this Court grants relief.

## VI.  PRAYER FOR RELEIF

WHEREFORE, Peters respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices complained of herein are in violation of the rights of Peters under provisions of Section 1981 and Section 1982, and the Fair Housing Act.

(b) Enjoining and permanently restraining these violations of Martin's rights;

(c) Directing Value Place to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Martin, or any other person based on race or retaliation;

(d) Directing Value Place to take steps to make Martin whole for all losses whether monetary or otherwise;

(e) Awarding Martin compensatory and punitive damages for the injuries suffered as a result Value Place's violations of Martin's rights;

(f) Awarding Martin the costs of this action together with reasonable attorney's fees, as provided by Section 1981 and Section 1982, and the Fair Housing Act

(g) Directing Value Place to pay Peters prejudgment and post-judgment interest on all sums recovered;

(h) Granting such other and further relief as the Court deems necessary and proper.

## VII.   DEMAND FOR JURY TRIAL

Peters, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demands a trial by jury in this action.

## VIII.   AFFIRMATION OF PLAINTIFF

Pursuant to 28 U.S.C. § 1746, Plaintiff, MARCUS MARTIN, declares under penalties of perjury under the laws of the United States of America that he has read all of the statements contained in the complaint. He believes them to be, to the best of his personal knowledge, true and correct.

Date 9/12/2011

Marcus Martin
9030 Wesleyan Rd., #303
Indianapolis IN., 46268

6